# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   CV 18-3053 GW (SS)                    Date: May 22, 2018
                                                 Page 1 of 4

Title:    Rudolph Hoskins v. Debbie Asuncion

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS UNTIMELY**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                             None Present

**PROCEEDINGS: (IN CHAMBERS)**

On April 5, 2018,[1] Rudolph Hoskins, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, apparently challenging the state parole board's 2015 decision denying parole for five years, as well as the decision denying a petition to advance the date of Petitioner's next parole suitability hearing. (Dkt. No. 1). The Petition appears to be untimely.

AEDPA also imposes a specific time limit on the filing of federal habeas petitions. See Rhines v. Weber, 544 U.S. 269, 274 (2005). By creating a limitations period, Congress

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270 (1988); Anthony v. Cambra, 236 F.3d 568, 574–75 (9th Cir. 2000). Here, the Court uses the date the Petition was signed as the constructive filing date. (See Petition at 14).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-3053 GW (SS)                    Date: May 22, 2018
                                                  Page 2 of 4

Title:   Rudolph Hoskins v. Debbie Asuncion

intended "to reduce delays in the execution of state and federal criminal sentences." Woodford v. Garceau, 538 U.S. 202, 206 (2003). Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). For claims challenging decisions of the state parole board, the one-year statute of limitations begins to run when the time for administrative appeal ends. See Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003).

The parole board held a parole hearing on June 18, 2015 and denied parole for five years. (See Petition at 47-83 (parole hearing transcript)). Parole hearing decisions are reviewable by the full parole board, and they become final within 120 days of the hearing. Cal. Code Regs. tit. 15, §§ 2041, 2043. Here, the decision became final on October 16, 2015. The limitations period began to run that day, see Redd, 343 F.3d at 1085, and expired one year later, on October 16, 2016. Therefore, absent tolling, the instant Petition is untimely by nearly a year and a half.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV 18-3053 GW (SS) | Date: May 22, 2018 |
| | Page 3 of 4 |

Title:       Rudolph Hoskins v. Debbie Asuncion

AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); accord Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). In addition to statutory tolling, the limitations period may also be subject to equitable tolling if Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S. 631, 649 (2010). "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted).

Here, Petitioner has not alleged any facts indicating that he may be entitled to statutory or equitable tolling. Petitioner's response to this Order should identify any facts that would permit him to demonstrate that he is entitled to tolling. See Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) (habeas petitioner bears the burden of proving that the statute of limitations was tolled).

**Conclusion**

Based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action as untimely. Petitioner therefore is **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why this Court should not recommend dismissal of this action pursuant to the AEDPA's one-year period of limitation. Petitioner further is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling. Petitioner may satisfy this Order to Show Cause by filing a response and/or declaration setting forth any reason the instant Petition is not barred as untimely.

After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge. This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 18-3053 GW (SS) | Date: May 22, 2018 |
| | Page 4 of 4 |

Title:   Rudolph Hoskins v. Debbie Asuncion

**Procedure 41(a).** **A Notice of Dismissal form is attached for Petitioner's convenience.** Petitioner, however, is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

Petitioner is expressly warned that failure to timely file a response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. **See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order to Show Cause on Petitioner at his current address of record.

IT IS SO ORDERED.